UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAREN PAYNE,<br><br>                              Plaintiff,<br><br>        -against-<br><br>CITY OF NEW YORK, ADMINSTRATION FOR CHILDREN'S SERVICES; D.C. 37 (UNION),<br><br>                              Defendants. | 24-CV-3860 (LTS)<br><br>ORDER TO AMEND |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is proceeding *pro se*, brings this action under the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12112-12117; the Family and Medical Leave Act, 29 U.S.C. §§ 2601 to 2654; the New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297; and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to 131, alleging that her employer discriminated and retaliated against her based on her disability. By order dated May 28, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

Plaintiff initiated this action by filing the Court's Employment Discrimination Complaint form, naming as Defendants the New York City Administration for Children's Services ("ACS"), her former employer, and D.C. 37, a labor union. When prompted on the form to provide the facts underlying this matter, Plaintiff wrote "please see attached." (ECF 1 ¶ IVB.) Attachments to the pleading include a complaint that Plaintiff filed in the New York State Supreme Court, New York County, against ACS and the New York State Division of Human Rights ("NYSDHR"), a NYSDHR Determination and Order After Investigation, and a Notice of Right to Sue from the Equal Employment Opportunity Commission. (ECF 1 at 9-42.) The following facts are drawn from the complaint and attachments.

Plaintiff, who suffers from unspecified "physical & neurological" disabilities, was wrongfully classified as a "nonpermanent" ACS employee. (*Id.* at 4, 13, 20.) Thereafter, ACS denied Plaintiff "overtime payments" and other benefits available to permanent employees, and then "wrongfully" fired her. (*Id*. at ¶ V.) Plaintiff also checks the boxes on the form complaint indicating that ACS retaliated against her, failed to accommodate her disability, and either harassed her or created a hostile work environment. (*Id*. ¶ IV.) Plaintiff seeks money damages.

(*Id*. ¶ VI.) There are no facts alleged in the complaint regarding acts or omissions of D.C. 37 in connection with these events.

## DISCUSSION

A.  **Short and plain statement of claim**

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

Plaintiff's complaint does not comply with Rule 8. The complaint consists largely of attachments arising from a charge that Plaintiff filed with the NYSDHR and a state-court action that Plaintiff filed against ACS and the NYSDHR. These documents do not explain what occurred and how Defendants allegedly violated her rights while she was an ACS employee. In other words, the complaint does not include a short and plain statement showing that Plaintiff is entitled to relief under any of the statutes she cites.

The Court therefore grants Plaintiff leave to replead her claims in an amended complaint that complies with Rule 8 and the standards set forth below.

B.    Americans With Disabilities Act ("ADA")

"The ADA prohibits discrimination against a 'qualified individual on the basis of disability' in the 'terms, conditions, and privileges of employment.'" *Kinneary v. City of New York*, 601 F.3d 151, 155 (2d Cir. 2010) (quoting 42 U.S.C. § 12112(a)). A person is disabled under the ADA if the person has "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1)(A).

This antidiscrimination statute prohibits an employer from mistreating an individual because of the individual's protected characteristics, *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007), or retaliating against an employee who has opposed any practice made unlawful by those statutes, *see Crawford v. Metro. Gov't*, 555 U.S. 271, 276 (2009) (holding that conduct is protected when it "confront[s]," "resist[s]," or "withstand[s]" unlawful actions). Mistreatment at work that occurs for a reason other than an employee's protected characteristic or opposition to unlawful conduct is not actionable under federal antidiscrimination statutes. *See Chukwuka v. City of New York*, 513 F. App'x 34, 36 (2d Cir. 2013) (quoting *Brown v. Henderson*, 257 F.3d 246, 252 (2d Cir. 2001)).

At the pleading stage in an employment discrimination action, a plaintiff must plausibly allege that (1) the employer took adverse employment action against her, and (2) her protected characteristics were a motivating factor in the employment decision. *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 86 (2d Cir. 2015). The plaintiff "may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Id.* at 87.

To plead a *prima facie* case of failure to accommodate under the ADA, a plaintiff must allege that she is (1) a person with a disability under the meaning of the ADA; (2) an employer covered by the statute had notice of her disability; (3) with reasonable accommodation, plaintiff

4

could perform the essential functions of the job at issue; and (4) the employer has refused to make such accommodations. *See McMillan v. City of N.Y.*, 711 F.3d 120, 125-26 (2d Cir. 2013).

Here, Plaintiff alleges that she suffers from "physical & neurological" disabilities; that she was misclassified as a nonpermanent employee and denied benefits to which she was entitled; and that ACS wrongfully fired her. These facts do not show a connection between Plaintiff's disabilities and the decision to classify her as a nonpermanent employee, the denial of benefits to which she was entitled, or her firing. Without further facts, such allegations do not state a claim that Plaintiff's treatment or firing was either discriminatory or retaliatory. In addition, Plaintiff does not plead any facts suggesting that her employer refused her an accommodation that she requested because of her disability.

In light of Plaintiff's *pro se* status, the Court grants her leave to file an amended complaint to provide facts to support her claims under the ADA.

## C.    Family and Medical Leave Act ("FMLA")

The FMLA provides that certain eligible employees are "entitled to a total of 12 work weeks of leave during any 12-month period" for any one of several reasons enumerated in the Act. *See* 29 U.S.C. § 2612(a)(1). The FMLA covers, among other things, leave that is necessary "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Id.* § 2612(a)(1)(C). Generally, plaintiffs may assert two varieties of FMLA claims, interference claims and retaliation claims:

> In a general sense, an employee brings an 'interference' claim when her employer has prevented or otherwise impeded the employee's ability to exercise rights under the FMLA. 'Retaliation' claims, on the other hand, involve an employee actually exercising her rights or opposing perceived unlawful conduct under the FMLA and then being subjected to some adverse employment action by the employer. The two types of claims serve as ex ante and ex post protections for employees who seek to avail themselves of rights granted by the FMLA.

5

*Woods v. START Treatment & Recovery Ctrs., Inc.*, 864 F.3d 158, 166, 168 (2d Cir. 2017) (cleaned up).

Here, Plaintiff does not state any facts suggesting that ACS violated the FMLA. Plaintiff does not allege that she requested leave under the FMLA, or that ACS either interfered with her right to take FMLA leave or retaliated against her when she sought to take FMLA leave. Accordingly, the Court grants her leave to state facts in support of any FMLA claim she seeks to assert.

**D.      Labor Management Relations Act & National Labor Relations Act**

Plaintiff names what appears to be her former labor union, D.C. 37, as a defendant, but her complaint contains no allegations against D.C. 37. It may be Plaintiff's intention to assert claims under the Labor Management Relations Act ("LMRA") and the National Labor Relations Act ("NLRA"). An employee may bring claims under these statutes if: (1) the employer breached a collective bargaining agreement, and/or (2) her union breached its duty of fair representation in redressing her grievances against the employer.[1] *White v. White Rose Food*, 128 F.3d 110, 113-14 (2d Cir. 1997). An employee may sue the union or the employer, or both, but must allege violations on the part of both. *See DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 165 (1983)).

These statutes do not require an employee to exhaust administrative remedies with a governmental entity, *see Boyd v. Teamsters Loc. Union 553*, 589 F. Supp. 794, 796-97 (S.D.N.Y. 1984), but "the employee must at least attempt to exhaust exclusive grievance and arbitration

---

[1] The employer's duty to honor the collective bargaining agreement is governed by Section 301 of the LMRA, *see* 29 U.S.C. § 185; *White*, 128 F.3d at 113 (citing *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164 (1983)), and the union's duty of fair representation to its members is implied under the scheme set forth in Section 9(a) of the NLRA, *see* 29 U.S.C. § 159(a); *White*, 128 F.3d at 113-14 (citing *DelCostello*, 462 U.S. at 164).

6

procedures established by the [collective] bargaining agreement" before bringing such a claim, *Vaca v. Sipes*, 386 U.S. 171, 184 (1967), unless she "can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance," *id.* at 186. Moreover, there is a six-month limitations period in which to bring such a claim. *See DelCostello*, 462 U.S. at 172. That period begins to run from "the time when plaintiff[] knew or reasonably should have known that such a breach had occurred." *Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 67 (2d Cir. 1995); *see White*, 128 F.3d at 114.

Plaintiff provides no facts at all regarding any acts or omissions on the part of D.C. 37. The Court grants Plaintiff leave to set forth facts in support of any claims she may wish to assert against D.C. 37.

## LEAVE TO AMEND

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state valid claims arising out of her former employment with ACS, against ACS and her union, the Court grants Plaintiff 60 days' leave to amend her complaint to detail those claims.

Plaintiff is granted leave to amend her complaint to provide more facts about her claims. In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a

short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include all of the information in the amended complaint that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

   a) the names and titles of all relevant people;

   b) a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

   c) a description of the injuries Plaintiff suffered; and

   d) the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated her federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

## CONCLUSION

Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 24-CV-3860 (LTS). An Amended Complaint for Employment Discrimination form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such

failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Plaintiff may receive court documents by email by completing the attached form, Consent to Electronic Service.[2]

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   August 19, 2024
         New York, New York

                                            /s/ Laura Taylor Swain
                                            LAURA TAYLOR SWAIN
                                            Chief United States District Judge

---

[2] If Plaintiff consents to receive documents by email, Plaintiff will no longer receive court documents by regular mail.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____
*(In the space above enter the full name(s) of the plaintiff(s).)*

**AMENDED COMPLAINT FOR EMPLOYMENT DISCRIMINATION**

-against-

Jury Trial:   ☐ Yes   ☐ No
*(check one)*

\_\_\_ Civ. _____ ( \_\_\_ )

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s). If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. Typically, the company or organization named in your charge to the Equal Employment Opportunity Commission should be named as a defendant. Addresses should not be included here.)*

This action is brought for discrimination in employment pursuant to: *(check only those that apply)*

_____   Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).
   ***NOTE:*** *In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 - 634.
   ***NOTE:*** *In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.*

_____   Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 - 12117.
   ***NOTE:*** *In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission.*

_____   New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297  (age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic chacteristics, marital status).

_____   New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131 (actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status).

*Rev. 07/2007*                                              1

I.  **Parties in this complaint:**

A.  List your name, address and telephone number. Do the same for any additional plaintiffs named. Attach additional sheets of paper as necessary.

Plaintiff  Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

B.  List all defendants' names and the address where each defendant may be served. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.

Defendant  Name  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

C.  The address at which I sought employment or was employed by the defendant(s) is:

Employer  _____

Street Address  _____

County, City  _____

State & Zip Code  _____

Telephone Number  _____

II.  **Statement of Claim:**

State as briefly as possible the <u>facts</u> of your case, including relevant dates and events. Describe how you were discriminated against. If you are pursuing claims under other federal or state statutes, you should include facts to support those claims. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach additional sheets of paper as necessary.

A.  The discriminatory conduct of which I complain in this action includes: *(check only those that apply)*

   _____  Failure to hire me.

   _____  Termination of my employment.

   _____  Failure to promote me.

   _____  Failure to accommodate my disability.

   _____  Unequal terms and conditions of my employment.

   _____  Retaliation.

*Rev. 07/2007*                                    2

|  |  | Other acts *(specify)*: _____. |
|---|---|---|
|  | *Note:* | *Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.* |
| B. | It is my best recollection that the alleged discriminatory acts occurred on: _____. |  |
|  |  | *Date(s)* |

C. I believe that defendant(s) *(check one)*:

_____ is still committing these acts against me.

_____ is not still committing these acts against me.

D. Defendant(s) discriminated against me based on my *(check only those that apply and explain)*:

☐ race _____  ☐ color _____

☐ gender/sex _____  ☐ religion_____

☐ national origin _____

☐ age. My date of birth is _____ *(Give your date of birth only if you are asserting a claim of age discrimination.)*

☐ disability or perceived disability, _____ *(specify)*

E. The facts of my case are as follow *(attach additional sheets as necessary)*:

_____
_____
_____
_____
_____
_____
_____

*Note:* *As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, the New York State Division of Human Rights or the New York City Commission on Human Rights.*

### III. Exhaustion of Federal Administrative Remedies:

A. It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding defendant's alleged discriminatory conduct on: _____ *(Date)*.

B. The Equal Employment Opportunity Commission *(check one)*:

  _____    has not issued a Notice of Right to Sue letter.

  _____    issued a Notice of Right to Sue letter, which I received on _____ *(Date)*.

  *Note: Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.*

C.   Only litigants alleging age discrimination must answer this Question.

  Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding defendant's alleged discriminatory conduct *(check one)*:

  _____    60 days or more have elapsed.

  _____    less than 60 days have elapsed.

## IV.   Relief:

**WHEREFORE**, plaintiff prays that the Court grant such relief as may be appropriate, including injunctive orders, damages, and costs, as follows: _____

_____

_____
*(Describe relief sought, including amount of damages, if any, and the basis for such relief.)*

**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

         Signature of Plaintiff   _____

         Address        _____

                   _____

                   _____

                   _____

         Telephone Number   _____

         Fax Number *(if you have one)* _____